MEMORANDUM *
Darryl Stevenson, Jr., a California state prisoner, appeals the district court’s denial *179 of his 28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of murder with a firearm based on aiding and abetting.
Petitioner was the driver of the truck from which, on the passenger’s side, were fired the shots that killed Burnest Williams. The prosecutor did not turn over an audio tape and transcript of the Fresno Police Department’s interview of Kelly Reaves until after trial. Reaves was one of the main witnesses at trial. The court denied petitioner’s motion for new trial finding there was nothing materially exculpatory in the tape.
Evidence is considered material “only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.” United States v. Bagley, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); see also Kyles v. Whitley, 514 U.S. 419, 432-34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995). Reaves’ statements are hard to follow. There was an inconsistency between Reaves’ testimony and the tape transcript: at trial Reaves testified the truck came straight at Williams while Reaves’ interview transcript reflects he saw there was a “turn.” Petitioner argues this corroborates his testimony that he was trying to get away. But the statement does not indicate a “u-turn” and the trial court observed it could also be read in another way, i.e. a turn to facilitate the shooting. The tape was not clearly exculpatory. Petitioner failed to show that there was a reasonable probability that Reaves’ statements during police questioning would have changed the result. Furthermore, because the California Court of Appeal’s analysis was not an objectively unreasonable application of Bagley, we must defer to its finding that the evidence was not material. 28 U.S.C. § 2254(d).
Petitioner also claims ineffective assistance of counsel, but the representation of petitioner’s trial attorney was vigorous and did not fall “below an objective standard of reasonableness.” Roe v. Flores-Ortega, 528 U.S. 470, 476-77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (internal quotation marks omitted)).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *179 by 9th Cir. R. 36-3.